**EXHIBIT 1**

SERVICE FEE NOT COLLECTED BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO: **GUIDRY'S CATFISH INC.**
C/O REGISTERED AGENT BOBBY J GUIDRY
1093 HENDERSON HIGHWAY
BREAUX BRIDGE LA 70517

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR RULE 194 DISCLOSURE(S)** filed on **September 23, 2021,** a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **21-DCV-287640** and is styled:

**BRENDON WARE AND ERVIN EMANUEL, JR., VS. DAVID CORMIER AND GUIDRY'S CATFISH INC.**

The name and address of the attorney for **PLAINTIFF(S)** is:

**VINCENT T VU**
**VU LAW FIRM PLLC**
**6001 SAVOY DRIVE SUITE 105**
**HOUSTON TX 77036**
**832-564-3529**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR RULE 194 DISCLOSURE(S)** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 28th day of September, 2021.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469
By: _Katherine Cavazos_
Deputy District Clerk KATHERINE CAVAZOS
Telephone: (281) 344-3959

**SERVICE**

21-DCV-287640            240th Judicial District Court
Brendon Ware and Ervin Emanuel, Jr., VS. David Cormier and Guidry's Catfish Inc.

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M. Executed at _____, within the County of _____ _____, at ____o'clock ___M. on the _____ day of _____, 20__, by delivering to the within named _____ _____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                    (First, Middle, Last)

my date of birth is _____, and my address is _____
                                                      (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

## SERVICE

Citation issued to Guidry's Catfish Inc. on 9/28/2021.

Filed
9/23/2021 4:05 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Katherine Cavazos

CAUSE NUMBER 21-DCV-287640

| | | |
|---|---|---|
| **BRENDON WARE** and | § | IN THE DISTRICT COURT |
| **ERVIN EMANUEL, JR.,** | § | |
| Plaintiffs, | § | |
| | § | Fort Bend County - 240th Judicial District Court |
| VS. | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **DAVID CORMIER** and | § | |
| **GUIDRY'S CATFISH INC.,** | § | |
| Defendants. | § | **FORT BEND COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION AND DEMAND FOR RULE 194 DISCLOSURE(S)

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **BRENDON WARE** with social security #: ***-**-*619 and TX DL: *****350, and **ERVIN EMANUEL, JR.,** hereinafter referred to by name or as Plaintiffs, complains of **DAVID CORMIER** and **GUIDRY'S CATFISH INC.**, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

#### I. PARTIES AND DISCOVERY CONTROL PLAN

Plaintiffs **BRENDON WARE** and **ERVIN EMANUEL, JR.,** are individuals residing in Harris County, Texas. Plaintiffs intends that discovery be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

Defendant, **DAVID CORMIER**, is an individual residing in Lafayette Parish and may be served with process at 626 Kidder Rd, Carencro, LA 70520.

Defendant, **GUIDRY'S CATFISH INC.**, is a Louisiana corporation doing business in and around Houston, Harris County and may be served with process via its agent Bobby J. Guidry at 1093 Henderson Highway Breaux Bridge, LA 70517.

## II. JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendant, **DAVID CORMIER** and **GUIDRY'S CATFISH INC.**, committed a tort in Harris County.

Venue in Harris County is proper in this case under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

Pursuant to TEX. R. CIV. P. 47(c)(3), Plaintiffs seeks monetary relief of $250,000.00 but not more than $1,000,000.00.

## III. FACTS

On June 30, 2020, at approximately 4:10 P.M., Plaintiffs were traveling north bound on US Highway 59. Defendant **DAVID CORMIER**, driving in a 1998 Peterbilt 379, was traveling behind Plaintiffs, when without warning, Defendant struck Plaintiff's vehicle from the rear. Defendant **DAVID CORMIERE** is employed by Defendant **GUIDRY'S CATFISH INC**. Upon information and belief, Defendant **GUIDRY'S CATFISH INC**. is the employer (or legal agent) of Defendant **DAVID CORMIERE**.

## IV. CAUSE(S) OF ACTION: NEGLIGENCE/NEGLIGENCE PER SE

The occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant **DAVID CORMIER**. Defendant **DAVID CORMIER** operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

    a.    Failing to keep a proper lookout, such as a person of ordinary care would have kept in the same or similar circumstances;

b. Failing to maintain proper control of the vehicle such as a person of ordinary care would have done in the same or similar circumstances and under the same or similar road and weather conditions;

c. Failing to timely and properly apply the brakes of the vehicle in order to avoid the collision, as a person of ordinary care would have done under the same or similar circumstances;

d. Failing to turn the vehicle in a manner so as to avoid the collision, such as a person of ordinary care would have done under the same or similar circumstances;

e. Failing to operate the vehicle in a safe and prudent manner, such as a person of ordinary care would have done under the same or similar circumstances; and

f. Failing to abide by, and to adhere to, applicable traffic laws, such as a person of ordinary care would have done under the same or similar circumstances.

By reason of all of the above, the Plaintiffs had suffered losses and damages in a sum within the jurisdictional limits of this court, and for which he now sues.

In addition to Defendant's common-law duties, Defendant **DAVID CORMIER** also violated various sections of the TEXAS TRANSPORTATION CODE:

§ 545. 401    Reckless driving;

§ 545.062(a)  Failure to maintain a safe distance between two vehicles.

The occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant **GUIDRYS CATFISH INC.**, in one or more of the following respects:

a. Failure to use that degree of care as a person of ordinary, reasonable prudence would have used under similar circumstances;

b. Failure to ensure the ability of its driver to properly and safely operate its vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances; and

    c. Failure to properly supervise the driver of its vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances.

## V.    RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

Upon information and belief, at all times relevant, **DAVID CORMIER** was operating his vehicle while in the course of and scope of his employment and/or agency with Defendant **GUIDRY'S CATFISH INC**. As a consequence, Defendant **GUIDRY'S CATFISH INC.,** is vicariously liable for the damages caused by the negligent act of its owner.

## VI.    DAMAGES

As a direct and proximate result of the collision and the negligent conduct of the Defendants in causing the collision, Plaintiffs **BRENDON WARE** and **ERVIN EMANUEL, JR.**, suffered severe bodily injuries. The injuries were substantial in nature and have had a serious effect on Plaintiffs health and well-being. These specific injuries and ill effects have, in turn, caused Plaintiffs physical and mental condition(s) to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their body for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

As a further result of all of the above, the Plaintiffs have incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual

and customary charges made for such services in the county where they were incurred.

## VII. REQUIRED DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff demands that you disclose the information and material described in Rule 194.2(1) through (12).

## VIII. JURY DEMAND

Plaintiffs demand a trial by jury.

## IX. DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorneys' designated e-Service email address for all eserved documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Eservice@thevulawfirm.com. This is the undersigned only e-Service email address, and service through any other email address will be considered invalid.

## X. PRAYER

**FOR THESE REASONS**, Plaintiffs requests that the Defendants, **DAVID CORMIER** and **GUIDRY'S CATFISH INC.**, be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

a. Pain and suffering in the past;
b. Pain and suffering in the future;
c. Mental anguish in the past;
d. Mental anguish in the future;
e. Past medical expenses;
f. Future medical expenses which are unknown at this time;
g. Physical impairment in the past;

h. Physical impairment in the future;
i. Prejudgment interest; and
j. Post- judgment interest.

RESPECTFULLY SUBMITTED,

**VU LAW FIRM, PLLC**
6001 Savoy Drive, Suite 105
Houston, TX 77036
Tel: (832) 564-3529
Fax: (832) 201-8777

BY: _____
Vincent T. Vu
State Bar No. 24072408
vincent@thevulawfirm.com

Brett Arnold
State Bar No. 03140100
brett@thevulawfirm.com
e-Service email:
Eservice@thevulawfirm.com
*E-Service is only accepted at the above designated e- Service email address.
**ATTORNEYS FOR PLAINTIFFS**

**EXHIBIT 1**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 57650529
Status as of 9/28/2021 8:42 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Vincent Vu | 24072408 | attorneyvu@gmail.com | 9/28/2021 8:42:12 AM | SENT |